UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA BREITENSTEIN,

    Plaintiff,

        v.

ERIC DETERS, et al

    Defendants.

Case No. 1:19-cv-413

McFarland, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants' motions to dismiss (Docs. 3, 4) and the parties responsive memoranda.

**I.    Background and facts**

This is a legal malpractice claim arising from Defendants' representation of Plaintiff in a 2013 civil lawsuit before the Hamilton County Court of Common Pleas. During early 2013, Rebecca Breitenstein engaged Defendant, Eric C. Deters & Partners, P.S.C. as attorneys to represent her before the Hamilton County Court of Common Pleas Civil Division at Cincinnati, Ohio as Plaintiff in a civil proceeding for medical malpractice and other claims, captioned as Rebecca Breitenstein v. Abubakar Atiq Durrani, M.D. and Center for Advanced Spinal Technologies, Inc., Hamilton County Court of Common Pleas Civil Division, Case Number A1302804 on April 11, 2013. (Doc. 1 at 1).

In the 2013 lawsuit, the court ultimately dismissed the Plaintiff's claims. Plaintiff challenged the dismissal, and an appeal is currently pending. Plaintiff is represented by Robert A. Winter, Jr. in her appeal before the Ohio Court of Appeals. Mr. Winter is part of

the legal team, that includes the defendants in this case[1], representing hundreds of plaintiffs in cases against Dr. Durrani and related entities.

In the instant action, Plaintiff asserts that she provided Defendants with timely information regarding her case, but that Defendants did not prosecute her claims within the State of Ohio's statute of limitations period for medical malpractice lawsuits. (Doc. 1 at ¶12). Plaintiff has now brought two causes of action against Defendants: (1) legal malpractice for failure to properly protect claims, and (2) legal malpractice for negligent handling of a legal matter. (Doc. 1 at ¶¶ 28-35). Plaintiff cites multiple instances from Defendants' representation that she believes constitutes the two causes of action. Doc. 1 at ¶¶ 10-27.

Defendants now seek dismissal of this action for lack of subject matter jurisdiction, asserting that Plaintiff's claims are not ripe for review. The undersigned agrees.

**II. Analysis**

*A. Standard of Review*

Federal courts are not courts of general jurisdiction. They have only the power authorized by Article III of the Constitution and conferred by acts of Congress. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Jurisdiction is a prerequisite to a court ruling on the merits of a case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the

---

[1] Although Eric Deters is no longer licensed to practice law in Ohio, he was licensed at the time of filing of Plaintiff's state court complaint. Though he is not permitted to practice law, Mr. Deters continues to be involved in these cases as a paralegal.

2

fact and dismissing the cause." *Ex parte McCardle,* 7 Wall. 506, 74 U.S. 506, 514, 19 L.Ed. 264 (1869).

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such challenges come in two forms: facial challenges and factual challenges. In a facial challenge, a defendant contends that, even accepting the material allegations of the complaint as true and construing them in a light most favorable to the nonmoving party, the court still lacks subject matter jurisdiction over the claim. *Singleton v. United States,* 277 F.3d 864, 870 (6th Cir.2002) (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). If the moving party makes a factual attack, when determining whether subject matter jurisdiction exists the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Cameron v. Children's Hosp. Med. Ctr.,* 131 F.3d 1167, 1170 (6th Cir.1997) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981)). "[N]o presumptive truthfulness attaches to [the] plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In either case, the burden is on the party asserting jurisdiction to demonstrate that subject matter jurisdiction exists. *Moir,* 895 F.2d at 269

*B. Defendant's motions to dismiss are well-taken*

Here, Defendants contend that dismissal for lack of subject matter jurisdiction is proper because Plaintiff's claim lacks ripeness. The primary basis for Defendant's

3

argument is that Plaintiff's 2013 suit is still pending on appeal. As such, Defendants are still representing Plaintiff. (Doc. 3 at 3). Because the appeal is ongoing, Defendants assert that Plaintiff has not yet suffered any ascertainable damages from the underlying lawsuit. *Id.* at 1. Further, because Defendants have tolled the statute of limitations, Plaintiff may bring her claims, if appropriate, within a year after the appeal is over. Defendants therefore conclude that Plaintiff does not face a threat of future harm that warrants the Court to entertain the matter before it is ripe. (Doc. 7 at 1-2).

In support of their assertions, Defendants heavily rely on the decision in *Kovacs v. Chesley* to support their arguments for dismissal. *Kovacs v. Chesley*, 2000 U.S. App. LEXIS 8989 (6th Cir. 2000). The fact pattern in *Kovacs* is similar to the current matter: Plaintiff sued her attorneys for negligent evaluation of her medical records during Defendant's representation of Plaintiff in a medical malpractice lawsuit. When Plaintiff brought the lawsuit against her attorneys, the underlying lawsuit was still undergoing settlement processes. Consequentially, the Court of Appeals for the Sixth Circuit upheld this Court's dismissal of the case for lack of ripeness. (*Id.* at 2-3).

Plaintiff, however, argues that subject matter jurisdiction exists because diversity jurisdiction exits under 28 U.S.C. §1332(a). Doc 6 at 6. Plaintiff further asserts that her matter is ripe because (1) she will suffer hardship if the court dismisses her case and the statute of limitations bars future claims, and (2) she has already suffered damages from Defendant's negligent representation. (Doc. 6 at 8-9). In the alternative, Plaintiff further argues that the Court should stay all further proceedings in this case pending disposal of the appeal in the interest of justice.

Upon careful consideration, the undersigned finds that this matter is not ripe for adjudication because Plaintiff's underlying case is still pending in the Court of Appeals. As such, her damages cannot yet be determined and she has not been responsible for any legal costs. Thus, the instant action is not ripe for adjudication. Accordingly, Defendants' motions to dismiss are well taken and should be granted. In the alternative, this matter should be stayed pending the outcome of Plaintiff's appeal.

### III. Conclusion

In light of the foregoing, it is herein **RECOMMENDED** that: Defendants' motions to dismiss (Doc. 3,4) be **GRANTED**; and this matter be **DISMISSED without PREJUDICE**. In the alternative, it is further **RECOMMENDED** that this matter be **STAYED** pending the resolution of Plaintiff's appeal in state court.

   /s Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

REBECCA BREITENSTEIN,

    Plaintiff,

        v.

ERIC DETERS, et al

    Defendants.

Case No. 1:19-cv-413

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).